UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CHRISTOPHER BRIGHAM, )<br>)<br>      *Plaintiff* )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>*Acting Commissioner of Social Security,* )<br>)<br>      *Defendant* ) | No. 1:15-cv-00433-JHR |

*MEMORANDUM DECISION*[1]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the questions of whether the administrative law judge wrongly ignored a finding of the state Department of Health and Human Services and whether the residual functional capacity ("RFC") assigned to the plaintiff was fatally flawed. I affirm the commissioner's decision.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff that the plaintiff suffered from chronic obstructive pulmonary disorder ("COPD"), history of head trauma, right shoulder injury, and degenerative disc disease, impairments that were severe but which, considered separately or

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on June 17, 2016, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record. The parties have agreed to have me preside over this action, including the entry of judgment. ECF No. 21.

in combination, did not meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, Record at 13-14; that he had the RFC to perform light work, except that he had limited push and pull with the right upper extremity, could occasionally climb ramps and stairs but never climb ladders, ropes, or scaffolds, could occasionally stoop, kneel, and crouch but never crawl, could occasionally reach overhead and to the front and/or sides with the right upper extremity, could not constantly reach on the right side, should avoid concentrated exposure to cold, humidity, and heat, and should avoid even moderate exposure to fumes, odors, dust, gasses, and poor ventilation as well as hazards, Finding 5, *id*. at 15; that he was unable to perform any past relevant work, Finding 6, *id.* 19; that, considering his age (44 years old on his alleged disability onset date, August 31, 2011, at least high school education, work experience, and RFC, there were jobs existing in significant numbers in the national economy that he could perform, Findings 7-10, *id*. at 20; and that he, therefore, had not been disabled from his alleged disability onset date through the date of the decision, March 28, 2014, Finding 11, *id*. at 21.  The Appeals Council declined to review the decision, *id*. at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

  The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence.  42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).  In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn.  *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

### A. DHHS Disability Finding

The plaintiff faults the administrative law judge for failing to mention a disability finding of the Maine Department of Health and Human Services which he says "was e-filed prior to the decision and was duly included in the record." Plaintiff's Itemized Statement of Errors ("Itemized Statement") (ECF No. 13) at 5.

Evidence to be considered by the administrative law judge must be submitted no later than five business days before the date of the hearing. 20 C.F.R. § 405.331(a). The plaintiff was informed of this requirement in the notice of hearing that was sent to him. Record at 153. The hearing in this case was held on February 6, 2014. Record at 36. The document in question is dated February 26, 2014, *id*. at 35, and is stamped "Mar 4 2014" at the top of the first page. *Id*. at 27. Either date is after the hearing. The plaintiff's attorney at the hearing did not request leave to submit any additional evidence. Record at 39, 53, 59.

The fact that this document was added to the administrative record on March 26, 2014, was established when I granted (ECF No. 20) the plaintiff's motion to correct the record (ECF No. 18 and ECF No. 18-1), without objection by the defendant (ECF No. 19). The administrative law judge's opinion is dated March 28, 2014. Record at 21.

There is no indication in the record that the submission of this document on March 26, 2014, was accompanied by any attempt to demonstrate that the requirements of 20 C.F.R. § 405.331(c) for submission of additional evidence after the hearing and before the hearing decision was issued. An applicant for benefits who wishes to submit additional evidence during this period of time must meet the following requirements:

> [T]he administrative law judge will accept the evidence if you show that there is a reasonable possibility that the evidence, alone or when considered with the other evidence of record, would affect the outcome of your claim, and:
> (1) Our action misled you;
> (2) You had a physical, mental, educational, or linguistic limitation(s) that prevented you from submitting the evidence earlier; or
> (3) Some other unusual, unexpected, or unavoidable circumstance beyond your control prevented you from submitting the evidence earlier.

20 C.F.R. § 405.331(c).

Under these circumstances, the administrative law judge was not required to consider the document. *See, e.g., Swormstedt v. Colvin*, No. 2:13-cv-00079-JAW, 2014 WL 1513347, at *4 (D. Me. Apr. 16, 2014) (rejecting argument that administrative law judge committed reversible error by rejecting medical evidence offered after deadline imposed by 20 C.F.R. § 405.331(a) without any attempt to meet the requirements of 20 C.F.R. § 405.331(c)).

At oral argument, the plaintiff's attorney contended that the mere fact that the document at issue was created after the date of the hearing before the administrative law judge requires remand so that the commissioner may "consider whether this evidence raises the possibility of a different result." But, that standard would allow every applicant for benefits to submit evidence created after the date of the hearing—even, as in the instant case, only two days before the administrative law judge's opinion is issued—and thereby obtain reopening of the application for consideration of that evidence. The practical administrative difficulties that would be caused by such a rule are obvious.

More important, it is the plaintiff's burden on this appeal to show that evidence not considered by an administrative law judge would cause the commissioner to reach a different result. In this case, the Appeals Council considered the evidence at issue, and concluded that "this information does not show a reasonable probability that, either alone or when considered with the other evidence of record, would change the outcome of the decision (20 CFR 405.401(c))." Record at 2. The plaintiff cites no authority, and proffers no persuasive reason why, this conclusion is erroneous, or why it should not be considered the defendant's final ruling.

In this district, judicial review of a decision of the Appeals Council not to review the decision of an administrative law judge based on evidence first submitted to the Appeals Council is available only if the Appeals Council's decision rested on a mistake of law or if it failed to comply with the procedural requirements of any applicable regulation. *Mills v. Apfel*, 84 F.Supp.2d 146, 148 (D. Me. 2000). While the new evidence in this case was presented two days before the administrative law judge's opinion was issued, rather than directly to the Appeals Council, this standard is persuasive. *See also Richards v. Astrue*, No. 8:12-cv-204-T-23MAP, 2013 WL 452021, at *4 (M.D. Fla. Jan. 18, 2013). No mistake of law or procedural irregularity by the Appeals Council has been identified by the plaintiff.

### B. Formulation of Hypothetical Question to Vocational Expert

The plaintiff next contends that the hypothetical question posed to the vocational expert by the administrative law judge at the hearing was fatally flawed because it "failed to reflect additional manipulative limitations that the ALJ found it necessary to include in his ultimate RFC finding in his decision." Itemized Statement at 7. He identifies the "additional manipulative limitations" as "a limitation to only occasional reaching[.]" *Id*. at 8. However, the limitation to occasional reaching in the plaintiff's RFC was only with the right arm: "He could occasionally reach overhead

and to the front and/or sides with the right upper extremity.  He could not constantly reach on the right side."  Record at 15.

The hypothetical question at issue limited the plaintiff to "no more than frequent reaching with the right but no more than occasional overhead with the right."  *Id*. at 57.  Thus, the only difference between the hypothetical question and the RFC ultimately assigned to the plaintiff by the administrative law judge is that the hypothetical allowed frequent reaching but only occasional overhead reaching on the right while the RFC allowed only occasional reaching in any direction.  The plaintiff states, in conclusory fashion and without citation to authority, that this difference "was critical to the result."  Itemized Statement at 8.

To the contrary, the difference is harmless in this case.  The plaintiff asserts, Itemized Statement at 9, and the defendant agrees, Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 15) at 5, that one of the jobs identified by the vocational expert in response to the hypothetical question at issue, cashier in a parking lot, requires frequent reaching and would therefore be eliminated by the correct limitation.  However, the plaintiff ignores the fact that the vocational expert also identified the jobs of call-out operator[2] and furniture rental consultant, Record at 20, neither of which requires frequent reaching.  *Dictionary of Occupational Titles* (U.S. Dep't of Labor, 4th ed. rev. 1991) §§ 237.367-014 (call-out operator), 295.357-018 (furniture-rental consultant).  Therefore, any error in the reaching limitations included in the hypothetical question was harmless.

---

[2] At oral argument, the plaintiff's attorney contended that the vocational expert testified that the plaintiff "definitely" could not perform work "on the telephone," based on his condition at the hearing, making the job of call-out operator unavailable.  That argument was not raised in his statement of errors, and, accordingly, has been waived.  *E.g., Johnson v. Colvin*, No. 1:14-cv-411-JHR, 2015 WL 3935783, at *3 (D. Me. June 26, 2015).

### C. Treatment of Opinions of Dr. Santhyadka

The plaintiff lastly challenges the administrative law judge's assignment of weight to the opinion of his treating pulmonologist, Ganesha Santhyadka, M.D. Itemized Statement at 9-10. After noting several entries in Dr. Santhyadka's records, the administrative law judge said the following about the doctor's opinions:

> The undersigned carefully considered and gave some weight to the opinion of Dr. Santh[ya]dka at Exhibit 13F. He treats the claimant's respiratory impairment. He opined [that] the claimant could perform less than sedentary work and had restrictions to standing/walking up to only 1 hour in an eight-hour day due to moderate COPD and emphysema. However, he cites the claimant's wors[t] FEV1 pulmonary function test result as evidence of these limitations. In fact, the claimant had multiple pulmonary function tests with much better results and these were not cited. See discussion **supra** at page 5. Moreover, the claimant told his physician that he gets short of breath only with heavy exertion. Light level exertion and standing/walking should not cause severe exertional limitations. The undersigned finds the claimant's environmental limitations are reasonable and assigned even more restrictive environmental limitations than Dr. Santh[ya]dka assigned. Dr. Santh[ya]dka is an acceptable medical source for medical opinion. The undersigned gave his opinion some weight in assigning environmental restrictions based on the claimant's COPD and emphysema. However, the exertional and standing/walking limitations are not supported by the medical evidence of record and are not given great weight.

Record at 19 (emphasis in original).[3]

The plaintiff first argues that, because the state-agency physician reviewer, Dr. Trumbull, did not see Dr. Santhyadka's Medical Source Statement (Record at 525-28), the administrative law judge could not rely on the opinions of the state-agency reviewer. Itemized Statement at 9-10. Social Security precedent in this district does not support this position. *See, e.g., Carson v. Barnhart*, 242 F.Supp.2d 33, 38 (D. Me. 2002). The plaintiff next argues that the administrative law judge could not rely on Dr. Trumbull's opinions in this case because "there is no assurance

---

[3] The administrative law judge's opinion lists the dates and results of six pulmonary function tests at pages 5-6, which correspond to pages 14-15 of the record.

that had Dr. Trumbull seen Dr. Santhyadka['s completed form] he would[] not have changed his opinion." *Id*. at 9-10.  He cites *Brown v. Barnhart*, No. 06-22-B-W, 2006 WL 3519308 (D. Me. Dec. 6, 2006), in support of this argument, but his argument misconstrues the applicable legal standard.

The question is not whether there is any "assurance that . . . [Dr. Trumbull] would not have changed his opinion."  It is, rather, whether review of Dr. Santhyadka's completed form would "necessarily have altered [Dr. Trumbull's] opinion[] in a manner more favorable to the plaintiff." *O'Bannon v. Colvin*, Civil No. 1:13-cv-207-DBH, 2014 WL 1767128, at *7 (D. Me. Apr. 29, 2014) (and cases cited therein).  The plaintiff here has made no attempt to meet this standard, which also requires identification of the specific entries on the form completed by Dr. Santhyadka that would cause the necessary, favorable revision in Dr. Trumbull's opinions.

The plaintiff's also argues that "at least with regard to the period from February 6, 2013, forward, the ALJ also erred by rejecting the uncontradicted medical opinion of the treating specialist, Dr. Santhyadka."  Itemized Statement at 10.  Contrary to the plaintiff's assertion, the administrative law judge in this case did not "ignore medical evidence and substitute his own views for uncontroverted medical opinion[]" when he rejected some of the limitations checked by Dr. Santhyadka on the form that he completed.  Nor did the vocational expert testify that "based directly on his observation of Mr. Brigham's difficulty in 'talking, breathing and coughing' at the hearing," the plaintiff would be unable to work.  *Id*.

As I have already noted, the administrative law judge stated in sufficient detail his reasons for rejecting certain limitations checked by Dr. Santhyadka on the form.  The plaintiff's reference to the date on the form, February 6, 2013, Record at 528, is an apparent attempt to construe the form as a completely new opinion, unattached to any of Dr. Santhyadka's previous treatment notes.

Dr. Santhyadka makes no such distinction on the form itself, and it is precisely because some of the limitations that he checked on the form are not consistent with his own records that the administrative law judge supportably rejected them. To describe Dr. Santhyadka's opinions as expressed on the form as "uncontradicted" is accurate only if none of the medical records dated earlier than the form may be considered by the administrative law judge.[4] That is an artificial construct that cannot survive initial scrutiny under existing Social Security law.

With respect to the vocational expert's testimony, the plaintiff has not established that the vocational expert was qualified to make a medical assessment of the plaintiff's physical limitations based on observing him during the hearing. *See, e.g., Sample v. Schweiker*, 694 F.2d 639, 644 n.6 (9th Cir. 1982). In any event, he makes too much of the testimony, which follows:

> Q    And, just generally, you've been sitting in the hearing room through my client's testimony and you've seen the trouble he's having with talking, breathing and coughing. Would that be acceptable at a job?
> A    In my opinion, you know, working around, not only if the job required the public but also with co-workers I would at some point I would say that it would be inappropriate.

Record at 59. Even if the vocational expert were qualified to determine whether that behavior was due solely to the plaintiff's COPD and that such behavior was constant or customary for the plaintiff, this is not a statement that all work would be precluded by the plaintiff's behavior at the hearing. It is merely a conditional statement that "at some point" the symptoms would be "inappropriate."

More important is the fact that the plaintiff himself testified that did not usually have as much trouble talking as he was having the day of the hearing, *id*. at 40, and that he was suffering

---

[4] It is highly unlikely that the moderate COPD and moderate emphysema noted by Dr. Santhyadka and the findings that supported his conclusions, Record at 526, only began causing the limitations he noted as of the day he filled out the form.

from "more than just a cold." *Id*. at 41. His "trouble . . . with talking, breathing and coughing" at the hearing, Itemized Statement at 10, thus, does not appear to be representative of his condition under normal circumstances.

## II. Conclusion

For the foregoing reasons, the commissioner's decision is **AFFIRMED**.


Dated this 19th day of September, 2016.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge
